IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| NOEMI GARCIA, as Next Friend of J.G., a minor <br>     Plaintiff, <br><br> v. <br><br> VEGA INDEPENDENT SCHOOL DISTRICT <br><br>     Defendant. | § § § § § § § § § § § § CIVIL ACTION NO. 2:16-cv-00211-J |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant Vega Independent School District's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim*, filed on December 23, 2016. Plaintiff did not file a response to this Motion.

*Procedural History*

Defendant filed its first 12(b)(6) motion to dismiss for failure to state a claim on October 27, 2016. Plaintiff did not file a response. On November 22, 2016, the Court allowed Plaintiff time to amend Plaintiff's complaint to cure all defects, and Plaintiff amended its complaint on November 28, 2016. Because Plaintiff had an opportunity to cure the pleading defects pointed out by Defendant and has failed to do so, and the Court is of the opinion that allowing Plaintiff an additional opportunity to amend still would not cure the defects pointed out in Plaintiff's amended complaint, Defendant's motion is GRANTED IN PART.

*Background*

In October of 2012, Plaintiff's minor son J.G., a transfer student, was among a group of students who were accused of and briefly suspended for inappropriate conduct on a bus operated by Defendant, Vega ISD. Prior to suspending J.G. for 2 or 3 days, the school principal questioned J.G.

1

about the incident and required that he explain the alleged events in writing. In spring of 2013, several months after J.G. was suspended for the bus incident, Defendant denied J.G. enrollment for the following year.

*Allegations of Plaintiff's Complaint*

Plaintiff, on behalf of J.G., alleges that Defendant violated 42 U.S.C. § 1983 by denying J.G. his right to an education under state law. In addition, Defendant allegedly denied J.G. due process "by requiring him to make a statement without the consent of the parent." *Plaintiff's Second Amended Complaint*, p. 4. Plaintiff also avers that Defendant violated the Equal Protection Clause of the Fourteenth Amendment because J.G., a minority student, was allegedly similarly situated to another transfer student involved in the bus incident but was the only student denied enrollment for the following year.

*Standard of Review*

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). If the complaint lacks an allegation regarding a required element necessary to obtaining relief, dismissal is proper. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a 12(b)(6) motion for dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez–Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

All reasonable inferences must be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Nevertheless, dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support

2

of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Instead, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Ollie v. Plano Indep. Sch. Dist.*, 564 F. Supp. 2d 658, 660 (E.D. Tex. 2008) (quoting *Twombly*, 550 U.S. at 555).

### *Plaintiff's § 1983 Claim*

A successful claim under § 1983 must "(1) allege a violation of rights secured by the Constitution or law of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Because Defendant is a local government unit, Plaintiff's claim must also allege facts to support the conclusion that an "official policy or custom" was a cause in fact of the deprivation of rights inflicted. *Id.*

Plaintiff contends that Defendant denied J.G. his right to an education. But Plaintiff did not present any legal authority that gives a transfer student the right to receive an education from the district to which the student wishes to transfer. Plaintiff does not assert that he cannot attend the local public school in his district; thus, Plaintiff has not plead sufficient facts to support a conclusion that J.G. suffered a constitutional injury under § 1983.

Plaintiff's complaint includes the conclusory assertion that "[t]he defendant had a past practice of enrolling students from J.G.'s same area of residence." But Plaintiff does not provide facts to allege that J.G. was denied enrollment because of an official policy or custom, or that Defendant has a policy or custom of always enrolling students from J.G.'s local area of residence. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997). Nor does Plaintiff provide facts that "demonstrate a causal link between the municipal action and the deprivation of federal rights." *Id.* at 4.

Defendant also argues that dismissal is warranted because Plaintiff has failed to exhaust administrative remedies through the school's administrative appeals process.[1] However, absent certain exceptions not applicable in this case, exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 claim. *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496 (1982); *Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1011 (5th Cir. 1984); *Anyadike v. Vernon College*, No. 7:15-cv-00157-O, 2016 WL 107901, at *3 (N.D. Tex. Jan. 11, 2016); *Chalmers v. Carter*, No. 3:00-CV-0936-P, 2001 WL 169725, at *7 (N.D. Tex. Jan. 16, 2001); *see also Peoples Nat. Utility Co. v. City of Houston*, 837 F.2d 1366, 1368 (5th Cir. 1988) (noting that Congress intended the exhaustion of state remedies a prerequisite to federal action under the Johnson Act, even if alleging a § 1983 violation). Nevertheless, Plaintiff has failed to present sufficient facts to satisfy the elements of a § 1983 claim. Defendant's motion as to Count 1 is GRANTED; Count 1 of Plaintiff's complaint is DISMISSED.

*Plaintiff's Due Process Claim*

The Fourteenth Amendment of the United States forbids any state from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Plaintiff alleges that Defendant violated due process by questioning J.G. about the bus incident and requiring a statement from him without notifying a parent or obtaining parental consent. *Plaintiff's Second Amended Complaint*, p. 4. Plaintiff points to no legal authority substantiating this claim.

Importantly, "[s]tudents in the school environment have a lesser expectation of privacy than the general population." *Milligan v. City of Slidell*, 226 F.3d 652, 655–56 (5th Cir. 2000). No clear body of law exists that gives students a privacy right "not to be summoned to and detained in a school official's office for questioning on matters of school discipline." *Id.* at 655.

---

[1] Plaintiff allegedly complained to the school principal and superintendent about Defendant's decision to deny J.G. enrollment for the following year. The superintendent directed Plaintiff to bring the decision before the school board at the next board meeting. Plaintiff informed the superintendent that she could not attend the board meeting, and the superintendent allegedly stated that she would raise the issue at the board meeting on Plaintiff's behalf. The superintendent's employment ended prior to the board meeting, and it is unclear in this record if the issue was raised before the school board. *See Plaintiff's Second Amended Complaint*, p. 2.

The United States Supreme Court has made clear that in situations involving suspensions of ten days or less, as in this case, due process requires "that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). The majority of these instances may be informally discussed with the student within minutes after the alleged conduct occurred. *Id.* at 582 ("We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is."). According to the pleadings, this informal opportunity of notice and a right to be heard is precisely what occurred in the principal's office on the day of the bus incident. *See Plaintiff's Second Amended Complaint*, pp. 2, 4. Absent additional facts describing unusual or extreme circumstances warranting that J.G.'s parent be notified, the principal was well within his authority to question J.G. and obtain a written statement. *See Goss*, 419 U.S. at 584.

A court is not to strain to find inferences favorable to the plaintiff, and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC vs. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). Even with all reasonable inferences viewed in Plaintiff's favor, the facts alleged do not entitle Plaintiff to relief. Therefore, Count III is DISMISSED.

*Plaintiff's Equal Protection Claim*

The Fourteenth Amendment provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV, § 1. To establish a denial of equal protection, a plaintiff must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury. *See Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292–93 (1987)). If a claim does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991). However, racial classifications must be subjected to

5

strict scrutiny. *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 348 (5th Cir. 2011) (citing *Grutter v. Bollinger*, 539 U.S. 306, 326 (2003)). Strict scrutiny review places the burden on the defendant to prove that its actions are narrowly tailored to achieve a compelling government interest. *Id.*

Here, J.G., a minority Hispanic student, is a member of a protected class. J.G. was the only student involved in the bus incident who was denied enrollment for the following year. Plaintiff alleges that J.G. was treated differently than another, non-minority transfer student who was also involved in the bus incident. Viewing these facts in the light most favorable to Plaintiff, Plaintiff's allegations are plausible, and thus avoid dismissal. Defendant's Motion as to Count II is DENIED.

*Conclusion*

Plaintiff has not established the facts necessary to support a § 1983 or due process claim. Therefore, Defendant's Motion is GRANTED IN PART, and Counts I and III are hereby DISMISSED.

IT IS SO ORDERED.

Signed this the 27th day of January, 2017.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

6